

OFFICE *of the* ATTORNEY GENERAL
GREG ABBOTT

December 17, 2002

The Honorable Roy DeFriend
District and County Attorney
Limestone County
200 West State Street, Suite 110
Groesbeck, Texas 76642

Opinion No. GA-0002

Re: Determination of a bail bondsman's bonding capacity with regard to persons held in his county jail on charges from another county (RQ-0560-JC)

Dear Mr. DeFriend:

You ask whether a bond executed in Limestone County to secure the release of a person held in the Limestone County Jail on a criminal charge from another county is to be counted in calculating a licensed bondsman's financial capacity to execute bonds in Limestone County for the purpose of section 1704.203 of the Occupations Code.[1] We conclude, based on the plain statutory language, that it is.

As your request letter notes, "Limestone County, Texas is a bail bond board county." Request Letter, *supra* note 1, at 1. Accordingly, save for an attorney representing the defendant in a criminal case, "a person may not act as a bail bond surety in the county unless the person holds a license issued under [chapter 1704 of the Occupations Code]." TEX. OCC. CODE ANN. § 1704.151 (Vernon 2003). An individual, unless acting only as an agent for a corporation, must among other qualifications "possess the financial resources required to comply with Section 1704.160 [of the Code]." *Id.* § 1704.152(a)(3). Section 1704.160 mandates the deposit of funds or deeds of trust with a value of not less than $50,000 as security. *See id.* § 1704.160. Under section 1704.203, the amount a license holder may write in bail bonds depends upon the amount of security deposited or executed under section 1704.160. *See id.* § 1704.203(a), (c). The amount also depends upon when and for how long the license holder has been licensed. *See id.* § 1704.203(f). "A license holder, at any time, may increase the limits prescribed . . . by depositing or executing additional security." *Id.* § 1704.203(d). Generally, the limit on how much a bondsman may write takes into account the aggregate amount of bail bonds "executed by the license holder in [the] county." *Id.* § 1704.203(a).

You point out that it is common for persons to be held in your county jail who are charged with offenses in other counties. *See* Request Letter, *supra* note 1, at 1. The bondsmen who make

---

[1]*See* Letter from Honorable Roy DeFriend, County /District Attorney of Limestone County, to Honorable John Cornyn, Texas Attorney General, at 1 (June 5, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

bond for them are licensees of your bond board, and you wish to know whether the bonds issued in these instances are to be counted in aggregating the amounts they have written for the purpose of section 1704.203. *See id.* It has been suggested to you that such bonds should not be taken into account because under article 15.18 of the Code of Criminal Procedure, as soon as bail is taken in your county, the magistrate must "immediately transmit the bond taken to the court having jurisdiction of the offense." TEX. CODE CRIM. PROC. ANN. art. 15.18(a)(1) (Vernon Supp. 2003). The obligation of both the defendant and the surety, thereafter, is that the defendant shall appear in the court with continuing jurisdiction over the matter. *See id.* art. 17.08(2). "In effect, [the proponents of this position] argue that these are no longer Limestone County bonds." Request Letter, *supra* note 1, at 2.

A bail bond is defined by article 17.02 of the Code of Criminal Procedure as "a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation." TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 1977). A bail bond must be made payable to "The State of Texas," must recite that the defendant and his sureties "bind themselves that the defendant will appear" to answer the charge against him, must state whether the charge is a felony or a misdemeanor, and must be signed, with name and address, by the defendant and his sureties. *Id.* art. 17.08 (Vernon Supp. 2003). The court taking the bond must "require evidence of the sufficiency of the security offered," and "any person who has signed as a surety on a bail bond and is in default thereon shall thereafter be disqualified to sign as a surety so long as he is in default on said bond." *Id.* art. 17.11 (Vernon 1977 & Supp. 2003).

Under section 1704.203 of the Occupations Code, a licensed bondsman whose license was issued before September 1, 1999:

> may not execute, and a person may not accept from the license holder, a bail bond that, *in the aggregate with other bail bonds executed by the license holder in that county*, results in a total amount that exceeds 10 times the value of the security deposited or executed by the license holder under section 1704.160.

TEX. OCC. CODE ANN. § 1704.203(a) (Vernon 2003) (emphasis added). The Seventy-sixth Texas Legislature, in the same session in which this provision's statutory predecessor was repealed and recodified, amended the statute to provide a sliding scale limit for bondsmen licensed on or after September 1, 1999, which restricted these limits yet further for licensees with fewer than six years of experience. This amendment was conformed by the Seventy-seventh Texas Legislature, and now forms subsection (f) of section 1704.203.

The question therefore is whether bonds written by licensed Limestone County bondsmen to secure the release from the Limestone County Jail of persons held on warrants from other counties are "bail bonds executed by the license holder" in Limestone County that are to be aggregated with other such bonds to calculate the bondsmen's financial capacity to issue further bonds. We conclude that they are.

The Code Construction Act requires words to be "read in context and construed according to the rules of grammar and common usage," and words with a technical meaning are to be "construed accordingly." *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). The Oxford English Dictionary defines "execute" in the sense of section 1704.203 as "to complete and give validity to (the instrument by which [a legal] act is effected) by performing what the law requires to be done, as signing, sealing, etc." V OXFORD ENGLISH DICTIONARY 520 (2d ed. 1989) (sense 3).

The bonds in question, as we have noted, are intended to secure the release of persons held in the Limestone County Jail. Accordingly, they must be executed either by a lawyer representing such a person or by a bondsman licensed in Limestone County, given that only such categories of person may write bonds in your county. *See* TEX. OCC. CODE ANN. § 1704.151 (Vernon 2003). The bonds are to be taken by a Limestone County magistrate. *See* TEX. CODE CRIM. PROC. ANN. art. 15.18(a)(1) (Vernon Supp. 2003). They are therefore executed in Limestone County, even though the bond is transferred pursuant to article 15.18 to the county issuing the warrant. Accordingly, they are bonds executed in Limestone County within the meaning of section 1704.203 of the Occupations Code. In order to read the aggregate amount limit of section 1704.203 differently, we would have to insert some such phrase as: *save for those executed to secure release of persons held on out-of-county warrants*. We may not do so. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 867 (Tex. 1999) (court may "add words into a statutory provision only when necessary to give effect to clear legislative intent").

As you note, a prior opinion of this office, Attorney General Opinion JC-0019 (1999), addresses the effect of article 15.18 on the taking of bail bonds. On the basis of *Font v. Carr*, 867 S.W.2d 873 (Tex. App.–Houston [1st Dist.] 1993, writ dism'd w.o.j.) and Attorney General Opinion JM-1057 (1989), opinion JC-0019 suggested but did not decide that a bail bond board could not suspend the license of a bondsman who defaulted on a bond in another county, even though that bond had originally been executed in the licensing county and transferred under article 15.18. *See* Tex. Att'y Gen. Op. No. JC-0019 (1999) at 7. However, opinion JC-0019 does not address the question before us here. Moreover, as you point out, the statutory language upon which that opinion relied was from the former Bail Bond Board Act[2] and no longer forms part of the Occupations Code. *See* Request Letter, *supra* note 1, at 3; *see also* TEX. OCC. CODE ANN. §§ 1704.201, .204, .252(8) (Vernon 2003).

It is true that enforcement of the obligation of the bond lies with the court to which the bond has been transferred, and that opinion JC-0019 suggests in dicta that the bail bond board may not have authority to discipline a bondsman who has defaulted on such a bond. But it remains the case that the bonds were, and indeed had to be, executed in Limestone County; as such, under section 1704.203, they must be included in the calculation of the surety's financial capacity. Nothing in either opinion JC–0019, any other opinion of this office, or any judicial decision of which we are aware supports the reading of bonds issued pursuant to article 15.18 as constituting a class of bonds executed in a county, but not subject to inclusion in calculating a licensed surety's financial capacity to write bonds.

---

[2] The former Bail Bond Board Act, article 2372p-3 of the Revised Civil Statutes, was repealed and recodified by the Seventy-sixth Texas Legislature. *See* Act of May 10, 1999, 76th Leg., R.S., ch. 388, §§ 1, 6, 1999 Tex. Gen. Laws 1431, 2277, 2440-41.

## S U M M A R Y

Bail bonds written by a licensed surety in a county where the person is licensed to secure an appearance by a defendant in another county are executed in the licensing county for the purpose of determining the bondsman's financial capacity under section 1704.203 of the Occupations Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee